■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMARIANO FAGAIRO, Appellant.—Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered April 18, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of 4½ to 9 years imprisonment, unanimously affirmed.

The undercover officer testified that she had been assigned to purchase drugs in Hell's Kitchen Park on Tenth Avenue in the afternoon of July 31, 1989. When she approached one Staley, and asked him if he had any nickels of crack to sell, Staley motioned for her to sit on a bench next to three men, one of whom was defendant. Staley and the defendant conferred briefly and as a result of the conversation, defendant produced from his pocket a clear plastic bag filled with vials. He passed the bag down the line to the others on the bench and one Nival ultimately received the bag and removed a vial of crack. Nival passed the vial back down the bench to defendant, and defendant handed it to Staley. Staley then gave it to the officer who paid Staley. Staley then gave the money to defendant. After the undercover officer left the park, the four men were arrested by the backup team. Defendant testified that while waiting to purchase drugs from Nival in the park, he saw the police enter the park with Nival in their custody and was then arrested with two other men.

Defendant claims that the trial court erred in refusing to charge the jury with the lesser included offense of criminal possession of a controlled substance in the seventh degree.

Pursuant to CPL 300.50 (1) a court in its discretion may submit a lesser included offense if a reasonable view of the evidence would support a finding that the defendant committed such lesser offense, but not the greater. It may not submit a lesser included offense if no reasonable view of the evidence would support such a finding. *(People v Camacho,* 134 AD2d

441, *lv denied* 70 NY2d 953.) The defendant must first show that the greater offense could not be committed without the lesser offense also being committed and second, that the jury would be warranted in finding that the defendant committed the lesser offense but not the greater. *(People v Glover,* 57 NY2d 61.)

The trial court properly refused to grant the defendant's request to charge criminal possession of a controlled substance in the seventh degree. The People's evidence establishes the crime of sale in that defendant removed the bag of crack from his pocket and ultimately received the money from the purchase. The evidence presented by defendant at trial, denying possession of the drugs, is inconsistent with his position that the jury could have found him guilty of possession. Viewing this testimony in the light most favorable to the defendant *(People v Martin,* 59 NY2d 704, 705), it is readily apparent that defendant had to have been found guilty of the sale charge or not guilty at all. As such, the instruction for the crime of possession was not warranted.

Finally, defendant's contention that the court erred by failing to instruct the jury on the exemption to accessorial liability under Penal Law § 20.10 is without merit inasmuch as he actively participated in the transaction and ultimately received the money from the transaction. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.