■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LUIS SIMA-RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.) rendered May 31, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 7 to 14 years on each count, unanimously affirmed.

Following a buy and bust operation, the defendant and co-defendant were arrested for selling two $10 bags of heroin. Before the defendant's trial commenced, the trial court inquired of him whether he would accept a plea bargain sentence. After defendant refused to plead, defense counsel informed the court he and the defendant were ready for trial and the trial court refused the defendant's subsequent request for an adjournment to think over the plea. A subsequent request for an adjournment to locate missing witnesses was also denied. The court also refused to charge the jury on the lesser included offense of criminal possession of a controlled substance in the seventh degree. We reject defendant's claims that the trial court erred in refusing an adjournment and the requested charge and also decline to disturb the sentence.

The defendant waited until the eve of trial to request an adjournment to locate missing witnesses and also failed to show that their testimony would be material and that the witnesses could be located (see, People v Singleton, 41 NY2d 402). Moreover, since the defendant failed to raise the present sentencing claim before Supreme Court, it is unpreserved (People v Lemon, 62 NY2d 745). Nor is reversal warranted in the interest of justice. In view of defendant's prior record, the sentence imposed was not excessive (see, People v Junco, 43 AD2d 266, affd 35 NY2d 419, cert denied 421 US 951) or punishment for going to trial. Lastly, no reasonable view of the evidence supports the defendant's contention that he merely possessed the drugs without the intent to sell (see, People v Fagairo, 178 AD2d 262). Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.