■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY PALMER, Appellant. [629 NYS2d 354] —Judgment unanimously affirmed. Memorandum: County Court properly denied

defendant's request to charge criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) as a lesser included offense of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Although criminal possession of a controlled substance in the seventh degree is a proper lesser included offense of those greater offenses because it is theoretically impossible to commit the greater offense without concomitantly committing the lesser *(see, People v Glover,* 57 NY2d 61, 63), there is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater. Although the court is not permitted to weigh the evidence in determining whether a reasonable view exists *(see, People v Van Norstrand,* 85 NY2d 131, 136), "[p]urely speculative hypotheses" are insufficient *(People v Flores,* 113 AD2d 899). A lesser included offense may not be submitted unless there appears on the whole record "some identifiable, rational basis" for the jury to reject evidence supportive of the greater crime yet accept so much of the evidence as would establish the lesser *(People v Scarborough,* 49 NY2d 364, 369; *see also, People v Suarez,* 148 AD2d 367, 369). Here, the People presented evidence that defendant possessed cocaine thrown from a moving vehicle as well as cocaine found during a search of the vehicle. Defendant's denial "embraced both crimes with equal persistence" *(People v Scarborough, supra,* at 373). Upon this record, there is no identifiable basis by which the jury could have differentiated between segments of the proof to conclude that defendant possessed the cocaine in the vehicle but did not possess the cocaine thrown from the vehicle *(see, People v Scarborough, supra; see also, People v Singh,* 191 AD2d 470, 470-471, *lv denied* 81 NY2d 1080; *People v Fagairo,* 178 AD2d 262, 263; *People v Mongen,* 157 AD2d 82, 84-85, *appeal dismissed* 76 NY2d 1015).

We reject defendant's argument that the court's charge concerning possession was erroneous *(see,* 3 CJI[NY] PL 220.16 [1], at 1672). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.