◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ASHLEY, Appellant. [768 NYS2d 885]—

Appeal from a judgment of Erie County Court (Drury, J.), entered March 20, 2002, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]); criminal mischief in the fourth degree (§ 145.00 [3]); obstructing governmental administration in the second degree (§ 195.05); reckless driving (Vehicle and Traffic Law § 1212); and two counts of failure to stop at a stop sign (§ 1172 [a]). We reject the contentions of defendant that the search warrant issued for his person and the vehicle he was operating failed to identify the

person and vehicle to be searched and that the warrant was not issued upon probable cause. The police detective's sworn application fully described the vehicle based on information furnished to the detective by the informant, and the informant appeared before the issuing Magistrate and was questioned under oath with specific reference to the subject vehicle and its occupant. Further, "the reliability prong of the *Aguilar-Spinelli* test . . . does not apply in cases of sworn oral testimony, where the issuing Magistrate can evaluate veracity to determine whether probable cause exists" (*People v Drake*, 178 AD2d 929, 929 [1991]; *see People v Pratt*, 266 AD2d 318 [1999], *lv denied* 94 NY2d 879 [2000]; *People v Stewart*, 159 AD2d 971 [1990]; *see also People v Taylor*, 73 NY2d 683, 688 [1989]). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.