# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

350

KA 08-01688

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOHN P. DEMUS, DEFENDANT-APPELLANT.

---

CRAIG P. SCHLANGER, SYRACUSE, FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered April 25, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). Defendant contends that County Court erred in refusing to suppress evidence recovered from his person on the ground that the search warrant for his person and residence was not based upon probable cause. We reject that contention. The court reviewed, inter alia, the recording of the sworn testimony of the confidential informant before City Court, which issued the search warrant, and it properly relied upon the ability of City Court to assess the credibility of the confidential informant (*see People v Ashley*, 2 AD3d 1321, *lv denied* 4 NY3d 851). We therefore conclude that County Court properly determined that the testimony of the confidential informant provided "the veracity or reliability of the source of the information, and . . . the basis of [his] knowledge" and thus that the search warrant was based upon probable cause (*People v Griminger*, 71 NY2d 635, 639). Defendant further contends that the search warrant was based upon stale information inasmuch as the affidavit of the police investigator submitted in support of the warrant application referenced two controlled buys from defendant that occurred several weeks prior to that application. That contention is not preserved for our review (*see People v Ming*, 35 AD3d 962, 964, *lv denied* 8 NY3d 883) and, in any event, it is without merit inasmuch as the testimony of the confidential informant established that the activity was ongoing (*see People v Coleman*, 26 AD3d 773, 774, *lv denied* 7 NY3d 754).

We conclude that the court properly refused to charge the jury on the lesser included offense of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The People presented expert testimony that the cocaine recovered from defendant weighed in excess of 1,200 milligrams, more than double the weight requirement for a conviction of criminal possession of a controlled substance in the fifth degree (*see* § 220.06 [5]). We therefore conclude that there is no reasonable view of the evidence that defendant committed the lesser offense but not the greater (*see People v Bolden*, 70 AD3d 1352, *lv denied* 14 NY3d 838; *see generally People v Davis*, 14 NY3d 20, 22-23).

Contrary to defendant's contention, he received effective assistance of counsel. We note that the record establishes that defendant insisted that defense counsel pursue a defense of entrapment, based upon the theory that defendant was contacted by the person who sold him cocaine at the behest of the police, who promptly seized it from defendant. The record further establishes that defense counsel unsuccessfully attempted to dissuade defendant from pursuing that defense. Thus, the record belies defendant's contention that defense counsel was ineffective for pursuing that defense. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Finally, the sentence is not unduly harsh or severe.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court