Judgment, Supreme Court, New York County (Robert M. Stolz, J., at dismissal motion; Thomas Farber, J, at jury trial and sentencing), rendered May 25, 2010, convicting defendant of criminal possession of a controlled substance in the fifth and seventh degrees, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Defendant asserts that the evidence failed to prove he possessed 500 milligrams of cocaine, the threshold for fifth-degree possession (Penal Law § 220.06 [5]).
The police recovered nine similar bags of cocaine from defendant, and there is nothing to suggest the possibility that the bags differed significantly in purity. A chemist testified that he combined the contents of the bags and gave a representative sample of the combined drugs to another chemist. The second chemist testified that she measured the purity of the cocaine in the sample and mathematically computed the total weight of the cocaine contained in the nine bags. She concluded that the total weight of cocaine was nearly three times the statutory threshold. The second chemist also described the standard procedure in obtaining a representative sample.
This testimony provided ample grounds for the jury to conclude that a proper sampling method had been employed and that it established defendant’s guilt (see People v Hill, 85 *402 NY2d 256, 261 [1995]; People v Argro, 37 NY2d 929 [1975]). The absence of testimony from the first chemist as to whether he followed the standard procedure for combining the drugs does not undermine that conclusion. Even accepting the unlikely possibility that one or more of the bags contained cocaine of a dramatically higher purity than the others, defendant has presented no plausible theory of how the first chemist might have combined the drugs but still obtained a sample that was not only unrepresentative, but so skewed that it led to a grossly inaccurate calculation.
Similarly, the court properly declined to charge seventh-degree possession as a lesser included offense of fifth-degree possession. No reasonable view of the evidence, viewed in the light most favorable to defendant, supported that charge (see e.g. People v Butler, 248 AD2d 274 [1st Dept 1998], lv denied 91 NY2d 1005 [1998]). There was no basis, other than speculation, for the jury to find that the quantity of cocaine was less than 500 milligrams.
The alleged defects in the grand jury presentation did not rise to the level of impairing the integrity of the proceeding and did not warrant the exceptional remedy of dismissal (see People v Huston, 88 NY2d 400, 410 [1996]; People v Darby, 75 NY2d 449, 455 [1990]).
We have considered and rejected defendant’s pro se claims. Concur — Andrias J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.