# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**916**

**KA 11-01410**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

DAVELL SCOTT, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 16, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). We reject defendant's contention that Supreme Court erred in refusing to charge the jury with the lesser included offense of criminal possession of a controlled substance in the seventh degree (§ 220.03). "A lesser included offense may not be submitted unless there appears on the whole record 'some identifiable, rational basis' for the jury to reject evidence supportive of the greater crime yet accept so much of the evidence as would establish the lesser" (*People v Palmer*, 216 AD2d 883, 884, *lv denied* 86 NY2d 799, quoting *People v Scarborough*, 49 NY2d 364, 369). Here, the People presented expert testimony that the cocaine recovered from defendant weighed in excess of 1,400 milligrams, which is nearly triple the weight requirement for a conviction of criminal possession of a controlled substance in the fifth degree (*see* § 220.06 [5]). Viewing the evidence in the light most favorable to defendant (*see People v Rivera*, 23 NY3d 112, 120-121, citing *People v Martin*, 59 NY2d 704, 705; *People v Moultrie*, 100 AD3d 401, 402, *lv denied* 20 NY3d 1102), we conclude that "[t]here was no basis, other than sheer speculation, for the jury to find that the chemist inaccurately weighed the drugs, or to otherwise reject the portion of [her] testimony concerning the weight of the substance, while at the same time accepting the portion of [her] testimony identifying the substance" (*People v Johnson*, 66 AD3d 537, 538; *see*

*Moultrie*, 100 AD3d at 402; *Palmer*, 216 AD2d at 884).  We therefore conclude that there is no reasonable view of the evidence that defendant committed the lesser offense but not the greater (*see People v Demus*, 82 AD3d 1667, 1668, *lv denied* 17 NY3d 815; *People v Bolden*, 70 AD3d 1352, 1353, *lv denied* 14 NY3d 838).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court