People v Elmore (2021 NY Slip Op 03969)





People v Elmore


2021 NY Slip Op 03969


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


611 KA 17-01510

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISHMEAL ELMORE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered March 6, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). Contrary to defendant's contention, we conclude that County Court properly denied his request to charge criminal possession of a controlled substance in the seventh degree (§ 220.03) as a lesser included offense of the count of criminal possession of a controlled substance in the fifth degree. "A lesser included offense may not be submitted unless there appears on the whole record some identifiable, rational basis for the jury to reject evidence supportive of the greater crime yet accept so much of the evidence as would establish the lesser" (People v Scott, 120 AD3d 1573, 1573 [4th Dept 2014], lv denied 24 NY3d 1088 [2014] [internal quotation marks omitted]). Here, we conclude there was "no basis, other than sheer speculation, for the jury to find that the chemist inaccurately weighed the drugs, or to otherwise reject the portion of [her] testimony concerning the weight of the substance, while at the same time accepting the portion of [her] testimony identifying the substance" (People v Johnson, 66 AD3d 537, 538 [1st Dept 2009]; see Scott, 120 AD3d at 1574). We therefore conclude that "there is no reasonable view of the evidence that defendant committed the lesser offense but not the greater" (People v Demus, 82 AD3d 1667, 1668 [4th Dept 2011], lv denied 17 NY3d 815 [2011]; see generally People v Davis, 14 NY3d 20, 22-23 [2009]).
We reject defendant's further contention that he was denied effective assistance of counsel during the suppression hearing and at sentencing. On the record before us, we conclude that " 'the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defendant's two] attorney[s] provided meaningful
representation' " (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contention that the court improperly penalized him for exercising his right to a jury trial when it imposed a sentence greater than that offered during plea negotiations (see People v McClary, 162 AD3d 1582, 1582-1583 [4th Dept 2018]; People v Jackson, 159 AD3d 1372, 1373 [4th Dept 2018], lv denied 31 NY3d 1083 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we further conclude that the sentence imposed is not unduly harsh or severe.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court