■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SUZANNE DAVIS, Respondent. [664 NYS2d 965] —Order insofar as appealed from unanimously reversed on the law, motion denied, counts one and two of the indictment reinstated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: The People appeal from an order dismissing two counts of a three-count indictment charging defendant with criminal possession of a controlled substance in the fourth degree (count 1) (Penal Law § 220.09 [1]), criminal possession of a controlled substance in the seventh degree (count 2) (Penal Law § 220.03) and obstructing governmental administration in the second degree (count 3) (Penal Law § 195.05). After reading the Grand Jury minutes, County Court granted defendant's motion to dismiss counts one and two of the indictment on the ground that the evidence was legally insufficient to establish defendant's knowing possession of a controlled substance. We agree with the People that County Court erred in dismissing those counts.

In determining whether there is legally sufficient evidence to support the charges brought by a Grand Jury, the standard of review is whether the Grand Jury was presented with "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission of it" (*People v Mikuszewski,* 73 NY2d 407, 411; *see, People v Jennings,* 69 NY2d 103, 115). With respect to count two, charging defendant with criminal possession of a controlled substance in the seventh degree, the People were required to present evidence that defendant "knowingly and unlawfully possess[ed] a controlled substance." (Penal Law § 220.03.) The testimony of the detective at the Grand Jury constitutes legally

sufficient evidence to establish that defendant knowingly possessed a controlled substance. Possession of a controlled substance generally "suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands" (*People v Reisman,* 29 NY2d 278, 285, *cert denied* 405 US 1041; *see, People v Mizell,* 72 NY2d 651, 656).

With respect to the first count, charging defendant with criminal possession of a controlled substance in the fourth degree, the People were required to present evidence that defendant "knowingly and unlawfully possess[ed] * * * one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-eighth ounce or more" (Penal Law § 220.09 [1]). Because the alleged criminal conduct here occurred after the Legislature eliminated the knowledge of weight requirement established in *People v Ryan* (82 NY2d 497) (*see,* L 1995, ch 75; Penal Law § 15.20 [4]), the People were required only to present evidence that defendant knowingly possessed a controlled substance and that its aggregate weight was greater than one-eighth ounce. The evidence before the Grand Jury was sufficient to establish the elements of criminal possession of a controlled substance in the fourth degree and defendant's commission of that crime (*see, People v Mikuszewski, supra,* at 411). (Appeal from Order of Onondaga County Court, Mulroy, J.—Dismiss Indictment.) Present— Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.