THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME MAJOR, Appellant. [675 NYS2d 260] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in permitting the People to read into evidence the Grand Jury testimony of his mother as part of their case-in-chief. We disagree. Out-of-court statements, including Grand Jury testimony, may be admitted as part of the People's case-in-chief where the witness is unavailable to testify at trial and the People establish by clear and convincing evidence that the unavailability of the witness was the result of "the misconduct of the defendant personally, or of others on his or her behalf with the defendant's knowing acquiescence" (*People v Maher*, 89 NY2d 456, 461; *see, People v Geraci*, 85 NY2d 359, 366-371). At a *Sirois* hearing (*see, Matter of Holtzman v Hellenbrand*, 92 AD2d 405), the People presented proof that, in a telephone conversation on Christmas Day 1994, defendant swore at his mother and stated, "How can you testify against me and put me away the rest of my life. I wish I wasn't your son and I don't want to talk to you anymore". Those comments implicitly pressured defendant's mother not to testify at trial. The People also presented the testimony of jail personnel that, during a telephone conversation after defendant's mother failed to appear to testify at trial, defendant stated, "Tell her it's only going to be a little while longer" and "Let her know it's the only way this is going to work out for me". Because the

testimony of defendant's mother was critical to the People's case, it is reasonable to infer that the latter statement of defendant referred to his mother. Additionally, during that conversation, defendant mentioned the name "Latta," his mother's maiden name. "[T]he cumulative evidence and the inferences that logically flow therefrom were sufficient to support [the trial court's] determination * * * under the clear and convincing evidence standard, that defendant either was responsible for or had acquiesced in the conduct that rendered [the witness] unavailable for trial" (*People v Geraci, supra*, at 370).

We reject the contention of defendant that the court erred in failing to grant his request for a circumstantial evidence charge. The admissions of defendant constitute direct evidence of his guilt, and thus a circumstantial evidence charge was not required (*see, People v Daddona*, 81 NY2d 990; *People v Reed*, 247 AD2d 900). We likewise reject the contention that the statements of defendant's mother were barred by the common-law parent-child privilege (*see generally, People v Johnson*, 84 NY2d 956, *rearg denied* 85 NY2d 858). Defendant further contends that the court erred in admitting into evidence a time and date list of the telephone numbers dialed from the victim's cellular phone between November 30 and December 4, 1995 because the list was prepared for the purpose of litigation. At trial, defendant objected to the admission of that evidence on grounds different from those asserted on appeal. Thus, his contention has not been preserved for our review (*see, People v Osuna*, 65 NY2d 822; *People v Avellanet*, 242 AD2d 865, *lv denied* 91 NY2d 868).

We agree with defendant, however, that the court erred in admitting into evidence a cellular telephone billing statement. That error, however, is harmless; the evidence of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant but for that error (*see, People v Crimmins*, 36 NY2d 230, 242).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Monroe County Court, Connell, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.