■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME L. PACE, Also Known as MONEY-MONE, Appellant. [752 NYS2d 489] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered November 23, 1999, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the People's introduction of the sworn statement and grand jury testimony of an eyewitness violated his right of confrontation. Contrary to defendant's contention, the People proved by clear and convincing evidence that the

unavailability of the eyewitness to testify against defendant at trial was the result of "the misconduct of the defendant personally[ ] or of others on his * * * behalf with the defendant's knowing acquiescence" (*People v Maher,* 89 NY2d 456, 461; *see People v Major,* 251 AD2d 999, *lv denied* 92 NY2d 927; *People v Delarosa,* 218 AD2d 667, 668). The evidence is sufficient to establish that the eyewitness was threatened and to link the threats to defendant (*see People v Cotto,* 92 NY2d 68, 76). Thus, "defendant is precluded from asserting either 'the constitutional right of confrontation or the evidentiary rules against the admission of hearsay in order to prevent the admission' " of the eyewitness's sworn statement and grand jury testimony (*id.* at 76, quoting *People v Geraci,* 85 NY2d 359, 366; *see also People v Johnson,* 93 NY2d 254, 256-257).

We reject the contention of defendant that he was deprived of a fair trial by prosecutorial misconduct on summation. The prosecutor's remark was fair response to the misleading insinuation in defense counsel's summation, which referred to the absence of the unavailable eyewitness (*see generally People v Root,* 298 AD2d 855; *People v Davis,* 294 AD2d 936, 937, *lv denied* 98 NY2d 696).

Contrary to the further contention of defendant, his challenges for cause with respect to two prospective jurors were properly denied (*see People v Chambers,* 97 NY2d 417, 419; *People v Shaughnessy,* 286 AD2d 856, 857, *lv denied* 97 NY2d 688; *People v Horace,* 277 AD2d 957, *lv denied* 96 NY2d 784; *People v Wiegert,* 248 AD2d 929, *lv denied* 91 NY2d 1014).

County Court properly precluded defendant from introducing certain out-of-court statements of the unavailable eyewitness. The statements were hearsay and thus inadmissible when offered by defendant, absent some applicable exception to the hearsay rule (*see People v Huertas,* 75 NY2d 487, 491-492; *see generally People v Thomas,* 282 AD2d 827). In any event, the forfeiture by defendant of his constitutional right of confrontation as a result of his threatening the eyewitness precludes his attempt to introduce, on his own case, further out-of-court statements of the eyewitness in order to impeach the sworn statement and grand jury testimony of the eyewitness.

The sentence, an indeterminate term of imprisonment of 25 years to life, is not unduly harsh or severe. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.