■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT WHITE, Appellant. [772 NYS2d 309]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), rendered May 10, 2001, convicting defendant, after a jury trial, of burglary in the second degree, aggravated criminal contempt, criminal contempt in the first degree (two counts), assault in the third degree and endangering the welfare of a child (two counts), and sentencing him, as a second felony of-

fender, to a term of nine years concurrent with an aggregate term of 5½ to 11 years, unanimously affirmed.

On appeal, defendant does not challenge the court's finding that he procured the victim's recantation through misconduct, but argues that his right of confrontation was violated when the court received the victim's grand jury testimony in evidence even though she declared her willingness to testify at trial, and in fact appeared and testified on defendant's behalf. This argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would agree with the proposition that " '[a] witness who is so fearful that he [or she] will not testify' *or will testify falsely,* 'is just as unavailable as a witness who is dead or cannot be found' " (*Geraci v Senkowski*, 211 F3d 6, 9 [2000], *cert denied* 531 US 1018 [2000] [citation omitted and emphasis supplied]; *see also People v Cotto*, 92 NY2d 68 [1998]; *People v Geraci*, 85 NY2d 359 [1995]). In view of defendant's proven forfeiture of his right of confrontation, the court properly permitted the People to introduce the victim's grand jury testimony as evidence-in-chief to establish defendant's guilt, and not merely as impeachment material. To deem a testifying, but recanting witness "available" for Confrontation Clause purposes, as defendant suggests, would provide witness tamperers with an incentive to induce witnesses to recant rather than to refrain from testifying at all. Concur—Buckley, P.J., Nardelli, Sullivan and Lerner, JJ.