■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TELLY TABB, Appellant. [785 NYS2d 193]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered July 3, 2003 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant's conviction for criminal possession of a weapon in the third degree was based, in part, upon the presumption provided by Penal Law § 265.15. Shortly after midnight on

September 2, 2002, police officer Pasqualino De Luca observed a car with Kentucky license plates parked at a gas station in the city that matched a description that police had received of a vehicle whose occupants were suspected of criminal activity. Defendant was in the passenger's seat of the car and the other occupant, Richard Harris, was pumping gas into the car. As De Luca approached the vehicle, Harris ran toward the driver's side and attempted to get into the car. De Luca prevented Harris from closing the car door and a struggle ensued between the officer and Harris. Other officers assisted and the struggle quickly subsided. When defendant exited the car upon the command of police officer James Gallagher, Gallagher observed the handle of a handgun wedged between the passenger seat and center console. The gun was removed and inspected, revealing a handgun that was loaded and the safety disengaged. Defendant was indicted for criminal possession of a weapon in the third degree. He was convicted following a jury trial and sentenced to four years in prison. Defendant appeals.

We turn first to defendant's argument that the verdict was not supported by legally sufficient evidence. Evidence is legally sufficient when, viewed most favorable to the People, it contains a basis for valid lines of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see People v Lynch,* 95 NY2d 243, 247 [2000]; *People v Williams,* 84 NY2d 925, 926 [1994]). Here, the People's case was predicated on Penal Law § 265.15 (3), which provides, with certain exceptions, that the presence of a gun in a vehicle is presumptive evidence that the gun is possessed by all occupants of the vehicle. "The presumption is rebuttable, either by the defendant's own testimony or by any other evidence, including the inherent or developed incredibility of the prosecution's witnesses" (*People v Adorno [Jiminez],* 216 AD2d 686, 688 [1995], *lvs denied* 86 NY2d 839, 843 [1995] [citation omitted]). The People's proof at trial included, in addition to the apprehended gun, testimony of three officers who were present at the scene and an officer who tested the gun. The officers' testimony established the presence of a handgun pushed between defendant's seat and the car's console. The officers did not at any time observe either Harris or defendant in actual possession of the gun. This proof provided a basis for use of the presumption and the evidence presented was legally sufficient to support the conviction (*see People v Verez,* 83 NY2d 921, 924 [1994]; *People v Lemmons,* 40 NY2d 505, 510-511 [1976]).

Defendant also contends that the verdict fails under the weight of the evidence analysis. Where, as here, a different

result would not have been unreasonable, this Court weighs the relative probative force of conflicting evidence and inferences that may be drawn therefrom, and may set aside the verdict if convinced that the jury failed to give proper weight to the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Wallace,* 8 AD3d 753, 755 [2004]; *People v Senese,* 300 AD2d 754, 755-756 [2002]). In an effort to rebut the presumption of possession of the gun, defendant testified at trial and he called Harris, who had already pleaded guilty to criminal possession of a weapon. Harris testified that the gun was his and that he removed it from his pocket while struggling with De Luca. Defendant testified that he had no knowledge of the gun prior to the incident. There was, however, evidence conflicting with these aspects of the testimony of defendant and Harris. For example, De Luca testified that he watched Harris's hands at all times during their struggle and Harris did not have a gun in his hand. Defendant's claim that he was not aware of the gun was contradicted by Harris's cross-examination in which he acknowledged that he and defendant had been traveling together for about two weeks and that defendant knew about the gun. After review of the record, and affording due deference to the jury's opportunity to view the witnesses in making credibility determinations, we are not persuaded that the verdict was against the weight of the evidence (*see People v Love,* 307 AD2d 528, 530 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Holmes,* 304 AD2d 1043, 1044 [2003], *lv denied* 100 NY2d 642 [2003]; *People v Adorno, supra* at 688-689).

We find no merit in defendant's argument that Supreme Court committed reversible error by failing to include an accomplice charge (*see* CPL 60.22). Initially, we note that Harris was called as a witness by defendant, not the People. Moreover, defense counsel neither requested such a charge nor objected to the charge given by the court and, thus, the issue was not properly preserved for review (*see People v Mahan,* 195 AD2d 881, 882 [1993]; *see also People v Nichilo,* 274 AD2d 592, 592-593 [2000], *lv denied* 95 NY2d 967 [2000]; *People v Ortiz,* 215 AD2d 408, 408-409 [1995], *lv denied* 86 NY2d 799 [1995]; *but see People v Artis,* 182 AD2d 1011, 1013 [1992] [under appropriate circumstances, issue may be considered in interest of justice]).

The remaining arguments have been considered and found unpersuasive.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.