■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE JERNIGAN, Appellant. [838 NYS2d 81]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered October 28, 2004, convicting defendant, after a jury trial, of assault in the first degree and tampering with a witness in the fourth degree, and sentencing him to concurrent terms of 15 years and 1 year, respectively, unanimously affirmed.

Defendant was convicted of brutally and repeatedly slashing his former girlfriend with a razor. When the victim failed to appear for trial, the court conducted a *Sirois* hearing (*see Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]), where the People proved, by clear and convincing evidence, that defendant's misconduct procured her unavailability for trial (*see People v Geraci*, 85 NY2d 359 [1995]). Accordingly, the court properly allowed the People to introduce her grand jury testimony at trial.

"[W]hen defendants seek to undermine the judicial process by procuring or coercing silence from witnesses and victims, the Sixth Amendment does not require courts to acquiesce. . . . That is, one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation" (*Davis v Washington*, 547 US —, —, 126 S Ct 2266, 2280 [2006]). There was extensive direct and circumstantial evidence of defendant's wrongdoing, including phone messages that defendant left on the victim's answering machine in which he implored her not to testify against him, and evidence that he made an additional 59 calls to her whose content could not be determined. Contrary to defendant's argument, the People were not required to prove that he made any threats. Instead, the evidence fully supported the conclusion that defendant wrongfully made use of his relationship with the victim in order to pressure her to violate her duty to testify (*see People v Major*, 251 AD2d 999 [1998], *lv denied* 92 NY2d 927 [1998]). His intent was manifest, particularly from the recorded messages urging her not to send him to prison, especially when viewed in a backdrop of his several acts of violence going back to the 1980s. There was ample evidence of a causal relationship between defendant's misconduct and the victim's unavailability, including her conversation with a

detective about her state of mind, and the lack of any other explanation for her ultimate disappearance. There was no need for expert testimony about the victim's mental state, since her relationship with defendant was fully explored at the hearing and the evidence permitted reasonable inferences on that subject. The fact she visited defendant in jail while the case was pending does not undermine the court's findings; on the contrary, this fact is consistent with defendant's obvious ability to control the victim. Finally, we find nothing in *People v Maher* (89 NY2d 456, 462 [1997]) that would necessarily preclude the same evidence from supporting both a forfeiture of the right of confrontation and a conviction of witness tampering.

Defendant failed to preserve his claim that the prosecutor improperly elicited evidence regarding, and commented on, his alleged exercise of his right to remain silent, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Before making a statement to an assistant district attorney, defendant announced that he was only going to provide some general information but did not wish to talk about the incident at issue. Nevertheless, he proceeded to discuss the incident, and he volunteered that his girlfriend verbally provoked the assault. Since defendant testified at trial that the victim attacked him with the razor, causing him to defend himself, the People were permitted to point out the unnatural omission of that claim from the postarrest statement (*see People v Savage*, 50 NY2d 673 [1980], *cert denied* 449 US 1016 [1980]).

Defendant also failed to preserve his claim that the prosecutor improperly cross-examined him about his prior record, and we likewise decline to review it in the interest of justice. Were we to review this claim, we would find that the prosecutor observed the court's *Sandoval* ruling, and that the wording of a particular question was not so egregious as to deprive defendant of a fair trial.

On the record before us, we conclude defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant's ineffective assistance claim is based on his trial counsel's failure to make the two objections noted above. Even if counsel should have made these objections, his failure to do so did not cause defendant prejudice. Concur—Lippman, P.J., Mazzarelli, Marlow, Buckley and Malone, JJ.