■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BOLDEN, Appellant. [895 NYS2d 628]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered June 9, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree and reckless driving.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [2]) and reckless driving (Vehicle and Traffic Law § 1212). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we reject the contention of defendant that the evidence is legally insufficient to establish that he knew that the pills he admittedly possessed contained a narcotic preparation (*see People v Davis*, 244 AD2d 1003 [1997]). "Generally, possession suffices to permit the inference that [defendant knew] what he possesse[d], especially, but not exclusively, if it . . . [was] on his person" (*People v Reisman*, 29 NY2d 278, 285 [1971], *cert denied* 405 US 1041 [1972]; *see People v Walzer*, 227 AD2d 945 [1996], *lv denied* 88 NY2d 1072 [1996]). Here, the pills were in a bottle located in the front pocket of the pants worn by defendant when he was arrested. Defendant's knowledge that the pills contained a narcotic preparation may also be inferred from defendant's flight from the police and the fact that the label on the bottle had someone else's name and address on it. Although an inference of knowledge may be negated and "the burden of going forward and [negating] the inference is a slight one" (*People v Kirkpatrick*, 32 NY2d 17, 23-24 [1973], *appeal dismissed* 414 US 948 [1973]), defendant failed to negate the inference in this case (*cf. Walzer*, 227 AD2d at 946).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although the forensic chemist employed by the police tested only four of the 31 pills possessed by defendant, the chemist testified that she selected the four pills at random and found that all contained a narcotic preparation.

Under the circumstances, " 'it was for the jury to decide whether the expert had adequately analyzed and weighed the contents and whether [her] opinion was entitled to be credited' " (*People v Hill*, 85 NY2d 256, 261 [1995], quoting *People v Argro*, 37 NY2d 929, 930 [1975]).

Finally, we conclude that County Court properly refused to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the fifth degree. During the charge conference, defense counsel asserted that the lesser included offense should be charged because the jury might find that the chemist did not weigh all 31 pills, in which case the aggregate weight could be less than the amount required for a conviction of criminal possession of a controlled substance in the fifth degree. Based on our review of the record, including the chemist's testimony and the other evidence with respect to weight, we conclude that there is no reasonable view of the evidence that the chemist failed to weigh all of the pills possessed by defendant and thus that defendant committed the lesser offense and not the greater (*see People v Evans*, 37 AD3d 847 [2007], *lv denied* 9 NY3d 843 [2007]; *People v Palmer*, 216 AD2d 883 [1995], *lv denied* 86 NY2d 799 [1995]; *see generally People v Glover*, 57 NY2d 61, 63 [1982]). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.