■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WHALEY, Appellant. [895 NYS2d 78]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J., at suppression hearing; Daniel Conviser, J., at jury trial and sentence), rendered April 4, 2008, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony drug offender, to an aggregate term of four years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion based on certain portions of the People's summation, since the court's curative actions were sufficient to prevent the remarks in question from causing any prejudice (see People v Santiago, 52 NY2d 865 [1981]). By failing to object, by failing to make specific objections, or by failing to request further relief after the court sustained objections, defendant failed to preserve his remaining challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Isolated instances of prosecutorial misconduct on summation are insufficient to justify reversal in the absence of an obdurate pattern of inflammatory remarks throughout the prosecutor's summation or unless the prosecutorial misconduct is "so pervasive, so egregious" and "the prosecutor's disregard of the court's rulings and warnings is . . . deliberate and reprehensible" (People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993] [citation and internal quotation marks omitted]).

Since one of the charges in the indictment was third-degree possession under Penal Law § 220.16 (1), the court properly permitted the People to introduce testimony that defendant was carrying a large amount of cash at the time of his arrest. This testimony was probative of the essential element of intent to sell (see e.g. People v Leak, 66 AD3d 403 [2009]; People v White, 257 AD2d 548 [1999], lv denied 93 NY2d 930 [1999]), and the People "were not bound to stop after presenting minimum evidence" (People v Alvino, 71 NY2d 233, 245 [1987]). The court also properly exercised its discretion when it declined to preclude this testimony on the ground of the People's inability to produce the cash in court (cf. People v Walker, 249 AD2d 15 [1998]). Defendant's claim that the physical condition of the money was critical to his defense is unpersuasive, and the court's adverse inference charge was a more than adequate remedy. Defendant's challenges to the contents of the adverse inference charge and the court's limiting instruction on the proper evidentiary use of the money are unpreserved and we

decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). To the extent that defendant is claiming that he is entitled to suppression of evidence on the basis of trial testimony, that claim is unavailing. Trial testimony may not be used to support a challenge to a court's ruling at a pretrial hearing (see People v Abrew, 95 NY2d 806, 808 [2000]). Defendant also claims that his counsel rendered ineffective assistance by failing to seek reopening of the suppression hearing based on alleged inconsistencies between hearing and trial testimony. However, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). The alleged inconsistencies were insignificant, and defendant would not have been entitled to suppression under either the hearing or trial versions of how the arresting officer recovered the drugs defendant was holding during an apparent drug transaction. Accordingly, counsel could have reasonably concluded that reopening the hearing would be futile. In any event, regardless of whether counsel should have made the application, there is no reason to believe it would have led to reopening of the hearing or suppression of the drugs (see e.g. People v Sylvain, 33 AD3d 330, 331 [2006], lv denied 7 NY3d 904 [2006]). Concur—Tom, J.P., Moskowitz, Renwick, DeGrasse and Manzanet-Daniels, JJ.