■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC EVANS, Appellant. [6 NYS3d 555]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 26, 2010, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After excluding the periods of delay caused by the resolution of the defendant's motions and continuances requested by or consented to by the defendant (*see People v Torres*, 60 NY2d 119 [1983]; *People v Kopciowski*, 68 NY2d 615, 616-617 [1986]; *People v Lambert*, 92 AD2d 550 [1983], *affd* 61 NY2d 978 [1984]; *People v Morris*, 94 AD3d 912, 913 [2012]; *People v Williams*, 32 AD3d 403, 405 [2006]), as well as periods excludable as being upon "good cause shown" (*Foran v Metz*, 463 F Supp 1088, 1097 [SD NY 1979], *affd* 603 F2d 212 [2d Cir 1979]), the Supreme Court correctly concluded that fewer than 180 days were chargeable to the People under the Interstate Agreement on Detainers (hereinafter the IAD) (CPL 580.20, art III [a]). Thus, the Supreme Court properly denied the defendant's motion to dismiss the indictment based on the IAD.

The defendant's first trial had ended in a mistrial. The Supreme Court properly admitted the testimony of the defendant's sister from his first trial into evidence during the People's case at this retrial. A witness's testimony in a previous proceeding may be admitted as part of the People's direct case where the People "demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused [the] witness's unavailability" (*People v Cotto*, 92 NY2d 68, 75-76 [1998]; *see People v Geraci*, 85 NY2d 359, 365-366 [1995]; *People v Leggett*, 107 AD3d 741 [2013]; *People v Major*, 251 AD2d 999 [1998]). "Because of 'the inherently surreptitious nature of witness tampering' circumstantial evidence may be used to 'establish, in whole or in part, that a witness's unavailability was procured by the defendant' " (*People v Cotto*, 92 NY2d at 76, quoting *People v Geraci*, 85 NY2d at 369; *see People v Dubarry*, 107 AD3d 822 [2013]). Here, after a *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]; *Matter of Holtzman v Hellenbrand*, 92 AD2d 405, 415 [1983]), the Supreme Court properly determined that the defendant used his close relationship with his sister to persuade or pressure her into not testifying against him at the retrial (*see People v Leggett*, 107 AD3d 741 [2013]; *People v Jernigan*, 41 AD3d 331, 332 [2007]; *People v Major*, 251 AD2d 999 [1998]).

After an additional *Sirois* hearing, the Supreme Court properly admitted the testimony of an additional witness from

the first trial into evidence during the People's case at the retrial. CPL 670.10 (1) authorizes the use of prior trial testimony where a witness is unavailable due to "illness or incapacity," which, in this case, was established by evidence of the witness's severe mental illness and suicidal tendencies (*see People v Lombardi*, 39 AD2d 700, 701 [1972], *affd* 33 NY2d 658 [1973]; *cf. People v Slaughter*, 163 AD2d 342 [1990]; *People v Del Mastro*, 72 Misc 2d 809 [Nassau County Ct 1973]).

There is no merit to the defendant's contention, raised in his pro se supplemental brief, that the Supreme Court improperly curtailed cross-examination of certain prosecution witnesses (*see People v Standberry*, 244 AD2d 584, 584-585 [1997]; *People v Jones*, 239 AD2d 602, 603 [1997]).

The defendant's contentions regarding prosecutorial misconduct during cross-examination of him are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Heide*, 84 NY2d 943, 944 [1994]; *People v Medina*, 53 NY2d 951, 953 [1981]; *People v Salnave*, 41 AD3d 872 [2007]), and, in any event, are without merit. The defendant's contentions that various remarks made by the prosecutor on summation were improper and deprived him of a fair trial are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Dordal*, 55 NY2d 954, 956 [1982]; *People v Wright*, 90 AD3d 679 [2011]). In any event, any improper remarks constituted harmless error, and did not deprive the defendant of a fair trial (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Persaud*, 98 AD3d 527, 529 [2012]; *see also People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Rogers*, 106 AD3d 1029 [2013]).

A jury note, marked as court exhibit 7, was revealed to the attorneys for the parties, read into the record, and addressed by the Supreme Court. Further, defense counsel stated on the record that he had no objection to the court's handling of the note. The defendant's contention that the principles enunciated in *People v Silva* (24 NY3d 294 [2014]) and *People v O'Rama* (78 NY2d 270 [1991]) were violated is without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.