■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WALKER, Appellant. [60 NYS3d 351]—Appeal by the de-

fendant from a judgment of the Supreme Court, Suffolk County (Ambro, J.), rendered December 16, 2014, convicting him of assault in the second degree, strangulation in the second degree, and assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree (Penal Law § 120.05 [1]; *see People v Lormil*, 134 AD3d 958, 959 [2015]) and strangulation in the second degree (Penal Law § 121.12; *see People v Haardt*, 129 AD3d 1322, 1324 [2015]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The People established by clear and convincing evidence at the *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]; *Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]), that the defendant's misconduct caused the complainant to recant her grand jury testimony and, thus, to become effectively unavailable to testify at trial (*see People v Cotto*, 92 NY2d 68, 73-77 [1998]; *People v Geraci*, 85 NY2d 359, 366-367 [1995]; *People v Byrd*, 51 AD3d 267, 273 [2008]). By his misconduct, the defendant forfeited his constitutional right to confront the complainant or to have the evidence of her out-of-court statements excluded on hearsay grounds (*see People v Geraci*, 85 NY2d at 367). Accordingly, the Supreme Court did not err in permitting the People to introduce into evidence on their direct case the complainant's grand jury testimony and certain other out-of-court statements (*see People v Chestnut*, 149 AD3d 772, 773 [2017]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.