Peters, P.J.
 

 Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered April 25, 2014, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree.
 

 On September 16, 2013, a vehicle in which defendant was a passenger was stopped by a state trooper for suspected violations of the Vehicle and Traffic Law. Upon activating his emergency lights just prior to the stop, the trooper noticed one of the backseat passengers leaning forward and reaching down, as if to hide something underneath the driver’s seat. Once stopped, the trooper approached and, when the operator of the vehicle was unable to produce her driver’s license, she was asked to step out of the vehicle. In response to questioning by the trooper, the operator indicated that the group was traveling to Vermont but that she did not know the other four occupants of the vehicle. His suspicions aroused, the trooper requested identification from all occupants of the vehicle. Noting a strong odor of marihuana when the rear driver’s side passenger rolled down his window, the trooper asked for and obtained the driver’s consent to search the vehicle. Such search of the vehicle resulted in the discovery of 587 glassine packets of heroin in a purse located on the floor of the backseat, as well as a small amount of marihuana in the trunk.
 

 Defendant was subsequently charged by indictment with two counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana in the fourth degree. Following a Mapp hearing, County Court denied defendant’s motion to suppress the drugs, finding that the initial stop was justified and that the driver’s consent to search the vehicle was voluntary and reasonably encompassed the purse on the backseat floor. The unlawful possession of marihuana charge was dismissed during the ensuing jury trial, at the conclusion of which defendant was convicted of the remaining charges. He was sentenced, as a second felony drug offender, to an aggregate prison term of 15 years followed by three years of postrelease supervision. Defendant appeals.
 

 County Court properly denied defendant’s suppression motion. Defendant does not dispute that the trooper had authority to stop the vehicle due to, among other things, its excessively loud muffler (see Vehicle and Traffic Law § 375 [31]; People v Carver, 147 AD3d 415, 415 [2017], lv denied 29 NY3d 1030 [2017]; People v Gibson, 137 AD3d 1657, 1657 [2016], lv denied 27 NY3d 1151 [2016]; People v Issac, 107 AD3d 1055, 1057 [2013]). The suspicious conduct of one of the backseat passengers upon activation of the trooper’s emergency lights, the responses to the trooper’s inquiry about the origin and destination of the trip, the driver’s spurious claim that she did not know the other four occupants of the car and the odor of marihuana emanating from the vehicle gave rise to, at the very least, a founded suspicion that criminality was afoot justifying the trooper’s request for consent to search the vehicle (see People v Blanco, 67 AD3d 923, 924 [2009]; People v Boyea, 44 AD3d 1093, 1094-1095 [2007]; People v Williams, 300 AD2d 684, 684-685 [2002]; People v Carter, 199 AD2d 817, 819 [1993], affd 86 NY2d 721 [1995]). Contrary to defendant’s contention, the circumstances presented “justifie[d] the search of every part of the vehicle and its contents that may conceal the object of the search,” including the purse in the backseat (United States v Ross, 456 US 798, 825 [1982]; see People v Ellis, 62 NY2d 393, 398 [1984]; People v Francois, 138 AD3d 1165, 1167 [2016]).
 

 For the first time on appeal, defendant now argues that the driver lacked actual or apparent authority to consent to a search of the purse, which was later determined to belong to a female backseat passenger (see generally People v Gonzalez, 88 NY2d 289 [1996]). By not raising this argument before the suppression court, defendant has failed to preserve the issue for our review (see CPL 470.05 [2]; People v Miranda, 27 NY3d 931, 932-933 [2016]; People v Vasquez, 66 NY2d 968, 968 [1985], cert denied 475 US 1109 [1986]; People v Minori, 51 NY2d 930, 931 [1980]). Nor did County Court “expressly decide! ]” the issue “in re[s]ponse to a protest by a party” (CPL 470.05 [2]; see People v Miranda, 27 NY3d at 932-933). Fundamentally, defendant’s failure to advance this particular argument before County Court “deprive[d] the People of a fair opportunity to present their proof on that issue, and, as a consequence, the resulting record is inadequate to permit [this Court] to make an intelligent determination on the merits” (People v Martin, 50 NY2d 1029, 1031 [1980]; see People v Tutt, 38 NY2d 1011, 1013 [1976]; People v Hawkins, 130 AD3d 426, 426-427 [2015], lv denied 26 NY3d 1088 [2015]; People v Perkins, 68 AD3d 494, 495 [2009], lv denied 14 NY3d 891 [2010]; People v Kirby, 280 AD2d 775, 777 [2001], lv denied 96 NY2d 920 [2001]). Accordingly, our consideration of this claim is precluded.
 

 Defendant also asserts that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence, specifically claiming that the People failed to prove his possession of the heroin and its aggregate weight. Penal Law § 220.16 prohibits an individual from knowingly and unlawfully possessing “a narcotic drug with intent to sell it” (Penal Law § 220.16 [1]) or a mixture “containing a narcotic drug” weighing “one-half ounce or more” (Penal Law § 220.16 [12]). A person commits the crime of criminal possession of a controlled substance in the fourth degree when he or she knowingly and unlawfully possesses a mixture “containing a narcotic drug” weighing “one-eighth ounce or more” (Penal Law § 220.09 [1]).
 

 Turning first to the issue of possession, the People’s case was predicated on the automobile presumption contained in Penal Law § 220.25 (1). That provision provides, in pertinent part, that “[t]he presence of a controlled substance in an automobile ... is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found; except . . . when the controlled substance is concealed upon the person of one of the occupants” (Penal Law § 220.25 [1]). Here, law enforcement officials who were present at the scene testified without contradiction that the subject heroin was found inside of a purse located on the backseat floor of the vehicle, and there was no “clearcut evidence” that any of the vehicle’s occupants were in actual possession of the heroin immediately prior to or at the time of the search (People v Verez, 83 NY2d 921, 924 [1994]). This rendered the “upon the person” exception inapplicable and provided a legally sufficient basis for application of the presumption (see id. at 923; People v Lemmons, 40 NY2d 505, 511-512 [1976]; People v Tabb, 12 AD3d 951, 952 [2004], lv denied 4 NY3d 768 [2005]; People v Scott, 199 AD2d 436, 436-437 [1993], lv denied 83 NY2d 858 [1994]). While defendant urges this Court to carve out an exception to the statutory automobile presumption encompassing circumstances where, such as here, a container or object in a vehicle may be readily identifiable as belonging to one individual, we may not “legislate under the guise of interpretation” or read into a statute an exception that does not exist (People v Finnegan, 85 NY2d 53, 58 [1995], cert denied 516 US 919 [1995]; see People v Boothe, 16 NY3d 195, 198 [2011]).
 

 Defendant’s contention that the testimony did not adequately establish the weight of the heroin is likewise without merit. The forensic scientist who testified used an acceptable statistical sampling method to establish the aggregate weight of the heroin, which method was fully explained to the jury, and all of the glassine envelopes were admitted into evidence for the jury’s inspection (see People v Hill, 85 NY2d 256, 261 [1995]). Under these circumstances, “it was for the jury to decide whether the expert had adequately analyzed and weighed the contents and whether [her] opinion was entitled to be credited” {id. at 261 [internal quotation marks and citations omitted]; see People v Argro, 37 NY2d 929, 930 [1975]; People v Bolden, 70 AD3d 1352, 1352-1353 [2010], lv denied 14 NY3d 838 [2010]; People v Caba, 23 AD3d 291, 292-293 [2005], lv denied 6 NY3d 810 [2006]). Together with the stipulated nature of the substances recovered and the unchallenged proof establishing defendant’s intent to sell, the evidence was legally sufficient to support each conviction (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Tabb, 12 AD3d at 952).
 
 [1]
 
 Having also evaluated the evidence in a neutral light while according appropriate deference to the jury’s factual assessments and credibility determinations (see People v Richardson, 155 AD3d 1099, 1103 [2017]; People v Gordon, 119 AD3d 1284, 1286 [2014], lv denied 24 NY3d 1002 [2014]), we are satisfied that the verdict is supported by the weight of the evidence (see People v Bolden, 70 AD3d at 1352-1353; People v Tabb, 12 AD3d at 952-953; People v Pratt, 207 AD2d 671, 672 [1994], lv denied 84 NY2d 1014 [1994]).
 

 Nor do we discern any error in County Court’s decision to allow the People to utilize the September 18, 2013 unsworn statement of Anna Garrow, one of the backseat passengers, in lieu of her live testimony. A witness’s out-of-court statements may be admitted as part of the People’s direct case where the People “demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused [the] witness’s unavailability” (People v Cotto, 92 NY2d 68, 75-76 [1998]; see People v Smart, 23 NY3d 213, 220 [2014]; People v Geraci, 85 NY2d 359, 365-366 [1995]). “This forfeiture rule ... is based on sound public policy meant to prevent the defendant from taking advantage of his or her own wrongdoing and to protect the integrity of the proceedings by deterring the defendant from acting on the strong incentive to tamper with adverse witnesses” (People v Smart, 23 NY3d at 220 [citation omitted]; see People v Dubarry, 25 NY3d 161, 174 [2015]; People v Maher, 89 NY2d 456, 461 [1997]). “Recognizing the surreptitious nature of witness tampering and that a defendant engaging in such conduct will rarely do so openly, resorting instead to subterfuge, the court can rely on and the prosecution can use circumstantial evidence in making the requisite determination” (People v Chestnut, 149 AD3d 772, 773 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 1077 [2017]; see People v Smart, 23 NY3d at 220-221; People v Cotto, 92 NY2d at 76-77).
 

 We reject defendant’s assertion that, regardless of any demonstration of misconduct on his part, Garrow could not be deemed “unavailable” inasmuch as she appeared at trial and was willing to testify. “Unavailability” in this context is not limited to a witness’s outright refusal to testify or physical absence from the proceedings; a witness is practically or effectively unavailable where the witness recants his or her initial statements or otherwise changes his or her version of the events as a result of misconduct on the part of the defendant (see People v Cotto, 92 NY2d at 73-74; People v Walker, 153 AD3d 861, 861 [2017], lv denied 30 NY3d 1023 [2017]; People v Turner, 143 AD3d 566, 567 [2016], lv denied 28 NY3d 1151 [2017]; People v White, 4 AD3d 225, 226 [2004], lv denied 3 NY3d 650 [2004]). “To deem a testifying, but recanting witness ‘available’ for Confrontation Clause purposes, as defendant suggests, would provide witness tamperers with an incentive to induce witnesses to recant rather than to refrain from testifying at all” (People v White, 4 AD3d at 226).
 

 As to the merits, “the cumulative evidence and the inferences that logically flow therefrom were sufficient to support a determination by a rational fact finder, under the clear and convincing evidence standard, that defendant . . . was responsible for . . . the conduct that rendered [Garrow] unavailable for trial” (People v Geraci, 85 NY2d at 370; accord People v Rankin, 127 AD3d 1335, 1337 [2015], lv denied 26 NY3d 1149 [2016]). When Garrow’s trial testimony began to deviate from the statements that she had previously given to the prosecution, County Court suspended her testimony and granted the People’s request for a Sirois hearing (see People v Sirois, 92 AD2d 618 [1983]).
 
 [2]
 
 At the hearing, the People relied upon dozens of letters exchanged between Garrow and defendant while the two were incarcerated prior to the trial in this matter.
 
 [3]
 
 The letters contained direct and circumstantial evidence of misconduct on the part of defendant, ranging from implied threats of violence to pointed requests for Garrow to lie during her trial testimony. Indeed, testimony at the hearing revealed that Garrow herself perceived the contents of the letters as “threats” and openly expressed her fear of defendant. The People also introduced evidence that defendant and Garrow met numerous times in jail while the case was pending, a fact that is consistent with defendant’s opportunity and ability to control Garrow (see People v Jernigan, 41 AD3d 331, 332-333 [2007], lv denied 9 NY3d 923 [2007]). We find that the evidence fully supports County Court’s determination that defendant used his close relationship with Garrow in order to pressure her into testifying falsely (see People v Evans, 127 AD3d 780, 781 [2015], lv denied 25 NY3d 1201 [2015]; People v Leggett, 107 AD3d 741, 742 [2013], lv denied 23 NY3d 964 [2014]; People v Jernigan, 41 AD3d at 332-333; People v Major, 251 AD2d 999, 999-1000 [1998], lv denied 92 NY2d 927 [1998]; see also People v Encarnacion, 87 AD3d 81, 87-88 [2011], lv denied 17 NY3d 952 [2011]). Accordingly, admission of Garrow’s September 2013 statement did not violate defendant’s right of confrontation.
 

 Contrary to defendant’s further claim, Garrow’s September 2013 statement was not “so devoid of reliability as to offend due process” (People v Cotto, 92 NY2d at 78). The statement was made only days after the incident, prior to any opportunity for collusion, and, in it, Garrow implicates herself in the subject crimes and makes other statements against her penal interest (see id.; see also People v James, 93 NY2d 620, 641-642 [1999]). Nor did County Court abuse its discretion in precluding defendant from introducing a subsequent statement given by Garrow to police (see People v Bosier, 6 NY3d 523, 528 [2006]; People v Lovett, 18 AD3d 577, 577 [2005], lv denied 5 NY3d 765 [2005]; People v Pace, 300 AD2d 1071, 1072 [2002], lv denied 99 NY2d 618 [2003]).
 

 Finally, we do not find defendant’s sentence to be harsh or excessive. Despite his relative youth, defendant has amassed a criminal record, including a prior violent felony conviction, and was on parole supervision at the time that he committed the instant offenses. Given these facts, as well as the serious nature of these crimes and defendant’s failure to accept responsibility for his conduct, we discern no abuse of discretion or extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (see People v Slaughter, 150 AD3d 1415, 1418 [2017]; People v Harvey, 96 AD3d 1098, 1101 [2012], lv denied 20 NY3d 933 [2012]). Further, “[t]he fact that the sentence imposed is longer than one rejected during plea negotiations does not establish that defendant was punished for exercising his constitutional right to trial” (People v Serrano-Gonzalez, 146 AD3d 1013, 1017 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 952 [2017]; see People v Lancaster, 143 AD3d 1046, 1054 [2016], lv denied 28 NY3d 1147 [2017]). Defendant’s remaining claims, including his assertion that he received the ineffective assistance of counsel, have been reviewed and determined to be lacking in merit.
 

 Egan Jr., Lynch, Clark and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 [1]
 

 . Because his convictions are supported by legally sufficient evidence, defendant’s challenge to the instructions given during the grand jury proceeding is precluded (see People v Carter, 140 AD3d 1394, 1396 [2016], lv denied 28 NY3d 969 [2016]; People v Medeiros, 116 AD3d 1096, 1099 n [2014], lv denied 24 NY3d 1045 [2014]). To the extent that defendant asserts additional claims of error in presenting the case to the grand jury, our review of the grand jury minutes reveals no errors or conduct on the part of the prosecutor that “impaired the integrity of the proceeding or caused prejudice to defendant so as to warrant the drastic remedy of reversal” (People v Gaston, 147 AD3d 1219, 1220 n 2 [2017] [internal quotation marks, brackets and citation omitted]; see People v Huston, 88 NY2d 400, 409 [1996]; People v Levandowski, 8 AD3d 898, 900 [2004]).
 

 [2]
 

 . Defendant’s contention that the People failed to establish their entitlement to a Sirois hearing (see generally People v Cotto, 92 NY2d at 72; Matter of Holtzman v Hellenbrand, 92 AD2d 405, 415 [1983]) is both unpreserved and, in any event, without merit.
 

 [3]
 

 . The letters had been stipulated into evidence earlier during trial.