People v Adams (2020 NY Slip Op 04752)





People v Adams


2020 NY Slip Op 04752


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-06612
 (Ind. No. 2843/12)

[*1]The People of the State of New York, respondent,
v
Anna Adams, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered May 3, 2016, convicting her of murder in the second degree, criminal possession of a weapon in the third degree, tampering with physical evidence, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support her convictions is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court that the People established by clear and convincing evidence at the Sirois hearing (see People v Sirois, 92 AD2d 618), that the defendant's misconduct caused a witness, her son, to recant crucial portions of his grand jury testimony and, thus, to become effectively unavailable to testify at trial (see People v Nelson, 156 AD3d 1112, 1117; People v Walker, 153 AD3d 861, 862). By her misconduct, the defendant forfeited her constitutional right to confront the witness (see People v Geraci, 85 NY2d 359, 367). Accordingly, the court did not err in permitting the People to introduce into evidence on their direct case the witness's grand jury testimony.
Contrary to the defendant's contention, she was not deprived of her constitutional right to the effective assistance of counsel at trial (see US Const 6th Amend; NY Const, art 1, § 6; People v Montes, 16 NY3d 250, 253). On this record, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to play for the jury a certain [*2]voicemail left by her son (see People v Torres, 177 AD3d 579, 580). We disagree with the defendant's contention that counsel's failure to move to reopen the suppression hearing based on inconsistencies between the hearing and trial testimony of the police officer to whom the defendant confessed constituted ineffective assistance. The alleged new facts pertained to circumstances that occurred in the defendant's presence before her arrest, and, thus, the defendant is presumed to have had knowledge of those facts at the time of the hearing (see People v Davis, 103 AD3d 810, 812). In any event, the trial testimony of the police officer that she commented on the intelligence of the defendant's young son prior to the defendant's confession concerned a comment that "was not designed to elicit the incriminating statement made by the defendant" (People v Licurgo, 277 AD2d 396, 396-397; see People v Webb, 224 AD2d 464, 465). The remaining alleged inconsistencies were insignificant (see People v Whaley, 70 AD3d 570, 572). Accordingly, counsel could have reasonably concluded that reopening the hearing would be futile (see id. at 572).
We reject the defendant's contention that the Supreme Court erred in charging the jury on accessorial liability, in view of the fact that the evidence presented at trial supports that theory (see People v Duncan, 46 NY2d 74, 79; People v Guitierrez, 74 AD3d 1834, 1834).
The defendant's further contention that her Fourth Amendment rights were violated when the prosecution obtained her historical cell site location information without first obtaining a warrant is unpreserved for appellate review (see CPL 470.05[2]), and we decline to exercise our discretion to reach it in the interest of justice.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court