People v Roby (2023 NY Slip Op 03200)

People v Roby

2023 NY Slip Op 03200

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Ind. No. 3139/16 Appeal No. 446 Case No. 2018-03746 

[*1]The People of the State of New York, Respondent,
v
Cory Roby, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane R. Kiesel, J.), rendered August 28, 2018, convicting defendant, after a jury trial, of assault in the second and third degrees, criminal possession of a weapon in the third degree, tampering with a witness in the fourth degree (six counts) and criminal contempt in the second degree (five counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 18 years to life, unanimously affirmed.
The verdict, which rejected defendant's justification defense, was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its rejection of defendant's testimony that the victim caused her own injuries during a struggle in which defendant was trying to take away a knife being wielded by the victim. The injuries sustained by the victim were completely incompatible with that claim.
The court correctly determined that defendant had forfeited his right of confrontation, thereby rendering admissible the unavailable victim's out-of-court statements. At a Sirois hearing, the People proved by clear and convincing evidence that defendant wrongfully procured the victim's unavailability (see People v Smart, 23 NY3d 213, 220-222 [2014]; People v Geraci, 85 NY2d 359, 365-367 [1995]). "The evidence fully supported the conclusion that defendant wrongfully made use of his relationship with the victim in order to pressure her to violate her duty to testify" (People v Jernigan, 41 AD3d 331, 332 [1st Dept 2007], lv denied 9 NY3d 923 [2007]). The victim's unavailability was established by law enforcement's extensive but unsuccessful efforts to contact or locate her in the months after she failed to appear to testify before the grand jury. Defendant's recorded phone calls from Rikers Island established that he caused her not to testify. The entire chain of events, viewed as a whole, shows that although the victim was always reluctant or ambivalent about cooperating with the police and prosecution, she gave detailed information about the attack shortly after the crime, and the evidence does not show a firm refusal to testify until after defendant made the offending phone calls.
By introducing at trial evidence that corresponded to the evidence at the Sirois hearing, the People established the crime of tampering with a witness, and defendant's arguments concerning those convictions are unavailing.
The court providently exercised its discretion in excluding records of the Administration for Children's Services relating to the victim's past behavior. Although, in support of his claim of justification, defendant was generally entitled to establish his knowledge of prior violent acts by the victim, he did not testify about any specific violent incidents, and the records had no relevance to his justification defense (see People v Aska, 91 NY2d 979 [1998]; People v Pavao, 59 NY2d 282, 288-[*2]289 [1983]). Accordingly, there was no violation of defendant's right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
Defendant did not preserve his challenge to the court's interested witness charge regarding his testimony, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The charge, which followed the Criminal Jury Instructions, was not constitutionally deficient (see People v Torres, 179 AD3d 543, 545 [1st Dept 2020], lv denied 35 NY3d 995 [2020]; People v Blake, 39 AD3d 402, 403 [1st Dept 2007], lv denied 9 NY3d 873 [2007]; see also Reagan v United States, 157 US 301, 305-311 [1895]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023