People v Boyd (2025 NY Slip Op 00571)

People v Boyd

2025 NY Slip Op 00571

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

871 KA 20-00466

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND BOYD, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered March 12, 2019. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the third degree and grand larceny in the fourth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). The conviction stems from an incident during which defendant stabbed his wife twice in the back with a large knife. Thereafter, defendant intercepted her call to 911 and attempted to dissuade the dispatched officer from responding, assuring him that everything was fine. Defendant then left the victim's apartment with her cell phone and credit cards, among other items. The victim ultimately managed to dial 911 from another phone and lost consciousness shortly after identifying defendant as her assailant. She suffered a collapsed lung and life-threatening blood loss; one of her stab wounds was 11 inches deep.
Defendant was indicted, and while incarcerated pending trial, he placed a number of telephone calls to the victim from jail using another inmate's identification number to avoid detection. In those calls, defendant attempted to coerce the victim to recant her story, falsely claim that she fell on the knife (twice), refrain from testifying, or otherwise make herself unavailable for trial. At a felony hearing where she was subject to cross-examination, the victim gave testimony describing the incident and identifying defendant as her assailant. At trial, the victim denied having any memory of the incident or her assailant.
Contrary to defendant's contention, County Court properly admitted in evidence the victim's testimony from the felony hearing because, although she testified at trial, she failed to testify truthfully or consistently with her prior testimony due to defendant's misconduct and was thereby rendered "effectively unavailable" (People v Wilkinson, 185 AD3d 734, 735-736 [2d Dept 2020], lv denied 36 NY3d 1101 [2021]; see People v Nelson, 156 AD3d 1112, 1117 [3d Dept 2017], lv denied 31 NY3d 1151 [2018]; see generally People v Geraci, 85 NY2d 359, 363-364, 370 [1995]). Indeed, the People established "by clear and convincing evidence that . . . defendant engaged in misconduct aimed . . . at preventing [the victim] from testifying [truthfully] and that those misdeeds were a significant cause of [her] decision not to [truthfully] testify" (People v Smart, 23 NY3d 213, 220 [2014]; see People v Jackson, 225 AD3d 1136, 1138 [4th Dept 2024], lv denied 42 NY3d 927 [2024]).
Defendant's contention that the evidence is legally insufficient to establish the element of intent to kill necessary to support his conviction of attempted murder in the second degree is unpreserved for our review. Defendant failed to move for a trial order of dismissal on that basis (see People v Cooley, 220 AD3d 1189, 1189 [4th Dept 2023], lv denied 41 NY3d 964 [2024]). [*2]In any event, "we necessarily review the evidence adduced as to each of the elements of [that] crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Stephenson, 104 AD3d 1277, 1278 [4th Dept 2013], lv denied 21 NY3d 1020 [2013], reconsideration denied 23 NY3d 1025 [2014] [internal quotation marks omitted]). Here, viewing the evidence in light of the elements of attempted murder in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on that crime is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that he was deprived of effective assistance of counsel as a result of certain comments and arguments made by defense counsel during summation. Defendant " 'failed to demonstrate that those alleged errors were not strategic in nature' " (People v Brooks, 183 AD3d 1231, 1232 [4th Dept 2020], lv denied 35 NY3d 1043 [2020]; see People v Galens, 111 AD3d 1322, 1322-1323 [4th Dept 2013], lv denied 22 NY3d 1088 [2014]; see generally People v Benevento, 91 NY2d 708, 712-713 [1998]).
Defendant's contention that the court erred in striking the prosecutor's attempted impeachment of the victim and instructing the jury not to consider that evidence is unpreserved for our review. In any event, the court properly instructed the jury to disregard those questions and answers, inasmuch as the impeachment questioning could not be used as proof in the People's case in chief (see CPL 60.35 [2]). We similarly conclude that the court did not err in admitting in evidence, as an excited utterance, the victim's statements identifying defendant as her assailant (see generally People v Buie, 86 NY2d 501, 506-507 [1995]), or in admitting in evidence recorded jail calls between defendant and the victim under a consciousness of guilt theory (see People v Bennett, 79 NY2d 464, 470 [1992]).
Contrary to defendant's contention, his sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court